IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON AMERICA | § | |
| INSURANCE COMPANY, *et al.*, | § | |
|     Petitioners, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4343 |
| | § | |
| THOMAS J. TURNER, | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Vacate Arbitration Award [Doc. # 2] filed by Petitioners OneBeacon America Insurance Company and International Marine Underwriters.  Respondent Thomas J. Turner filed his Response [Doc. # 4], and Petitioners filed their Reply [Doc. # 6].  Based on the Court's review of the full record and the application of governing legal authorities, the Court vacates to a limited extent the portion of the award awarding Respondent $17,270.30 in administrative fees and expenses, and denies the Motion to Vacate in all other respects.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Respondent owned a yacht that was covered by a marine insurance policy (the "Policy") issued by Petitioners.  The Policy had a limit of $95,000, the agreed insured value of the yacht, subject to a $950.00 deductible.  The Policy also contained a

personal effects clause providing reimbursement for damage to personal property up to $2,500, subject to a $250 deductible.

The yacht was stolen and subsequently recovered. During the time the yacht was missing, it was damaged by water and vandalism. Respondent contacted his insurance agent and took all steps required under the Policy.

Petitioners hired a marine surveyor who determined that the total damage to the yacht was between $55,000 and $65,000. Petitioners offered Respondent $9,000 for the damage to the yacht, and Respondent rejected the offer.

Pursuant to an arbitration provision in the Policy, Respondent initiated an arbitration proceeding before the American Arbitration Association. The dispute was heard by a three-member arbitration panel, which rendered an Award of Arbitrators ("Arbitration Award") in favor of Respondent. The Arbitration Award included $94,050 for the yacht, $2,250 for personal property damage, $17,270.30 for administrative fees and expenses, and $38,620 for attorney's fees. *See* Arbitration Award, Exh. 3 to Motion to Vacate Arbitration Award.

## II.   ANALYSIS

### A.   Standard of Review of Arbitration Award

Court review of an arbitration award is "exceedingly deferential" and the award can be vacated only on "very narrow grounds." *Brabham v. A.G. Edwards & Sons,*

*Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). "A court must affirm an arbitral award if the arbitrator is 'arguably construing or applying the contract and acting within the scope of his authority.'" *Teamsters Local No. 5 v. Formosa Plastics Corp.*, 363 F.3d 368, 371 (5th Cir. 2004) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "If the arbitrator has not exceeded his authority, 'the fact that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Id.* (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

The Federal Arbitration Act sets forth the four statutory bases for vacating an arbitration award:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there is evidence of partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct . . . or any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers . . ..

9 U.S.C. § 10(a). The Fifth Circuit recognizes two nonstatutory bases for vacating an arbitration award – (1) the award is in manifest disregard of the law and (2) the award is contrary to public policy. *See Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004). An award may not be vacated on the ground that it is arbitrary and capricious. *Brabham*, 376 F.3d at 385.

**B.     Award of Attorney's Fees**

Petitioners argue that the award of attorney's fees was in manifest disregard of the law. Manifest disregard for the law "means more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it." *Prestige Ford v. Ford Dealer Computer Services, Inc.*, 324 F.3d 391, 395 (5th Cir. 2003); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930 (2d Cir. 1986). "Even if the arbitrator did manifestly disregard the law, a second step of the manifest disregard analysis requires that before an arbitrator's award can be vacated, the court must find that the award resulted in a "significant injustice." *Kergosien*, 390 F.3d at 355 (citing *Williams v. Cigna Financial Advisors, Inc.*, 197 F.3d 752, 762 (5th Cir. 1999)). In determining whether upholding the arbitrators' award would result in significant injustice, the Court considers "all the circumstances of the case, including powers of arbitrators to judge norms appropriate to the relations between the parties." *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 363 (5th Cir. 2003), *cert denied*, 541 U.S. 937 (2004).

The arbitration provision in the Policy provides that the arbitrators will apply general maritime law. The Fifth Circuit has held that general maritime law does not permit an award of attorney's fees, even for breach of contract claims for which Texas law would otherwise require an award of attorney's fees to the prevailing party. *See Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394, 405 (5th Cir. 2003).

There is no evidence in this case that the arbitral panel was aware of the Fifth Circuit law regarding attorney's fees in cases governed by maritime law and intentionally disregarded it. Moreover, in light of the circumstances in this case, including Petitioners' $9,000 offer on a claim that its own investigator valued at between $55,000 and $65,000, Petitioners have failed to show that a refusal to vacate the attorney's fee award would result in significant injustice. As a result, Petitioners' Motion to Vacate the Arbitration Award is denied as to the award of attorney's fees.

C.      **Award of Administrative Fees and Expenses**

Petitioners argue that the arbitrators exceeded their power under the arbitration agreement by awarding $17,270.30 in administrative fees and expenses when the agreement required that the costs be apportioned differently. The Federal Arbitration Act provides that a court may vacate an award if an arbitral tribunal exceeds its powers in the arbitration award. *See* 9 U.S.C. § 10(a). Generally, "arbitral action contrary to

express contractual provisions is not entitled to deference upon review." *Bridas*, 345 F.3d at 365; *see also Smith v. Transport Workers Union of America*, 374 F.3d 372, 375 (5th Cir. 2004). This is so because "the policy that favors resolving doubts in favor of arbitration cannot serve to stretch a contractual clause beyond the scope intended by the parties or authorize an arbiter to disregard or modify the plain and unambiguous provisions of the agreement." *Smith*, 374 F.3d at 375 (internal quotations and citation omitted). "Where an arbitrator exceeds his contractual authority, vacation or modification of the award is an appropriate remedy." *Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Ass'n*, 889 F.2d 599, 602 (5th Cir. 1989) (quoted in *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n*, 343 F.3d 401, 406 (5th Cir. 2003), *cert. denied*, 541 U.S. 935 (2004)).

In this case, the arbitration provision in the Policy provides that the insured would pay the fee of the arbitrator he selects, the insurer would pay the fee of the arbitrator it selects, and the fee for the third arbitrator and all other arbitration costs would be shared equally by the insurer and the insured. The arbitrators had no authority under the Policy to disregard or modify this provision. Yet it appears that the arbitrators assessed the fees and expenses in a different manner because Respondent had erroneously prepaid more than his share under the terms of the arbitration agreement. Consequently, to the extent the arbitrators awarded Respondent an amount

representing fees and expenses assessed in a manner inconsistent with the arbitration provision, the Motion to Vacate Arbitration Award is granted. To the extent the correct application of the terms of the arbitration provision results in Respondent having already paid more than his share, Petitioners are required to reimburse Respondent for the overpayment.

### D.  Award for Personal Effects

Petitioners argue that the arbitrators erred in awarding Respondent $2,250 for personal effects because the personal effects coverage in the Policy is excess coverage only, and the record failed to establish that Respondent exhausted any insurance coverage from other insurance policies.[1] Respondent asserts that he and his wife testified during the arbitration that the Policy was the only insurance policy covering the yacht. This evidence, if believed by the arbitrators, is sufficient to establish that the personal effects provision in the Policy, even as excess coverage, was in effect. "If an award is rationally inferable from the facts before the arbitrator, the award must be affirmed."[2] *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004) (citing

---

[1]  There is no record of the evidence presented to the arbitration panel because the parties waived their right to have the arbitration proceedings recorded stenographically.

[2]  Petitioners argue that the Arbitration Award should be vacated because it is not supported by the record. In support of this argument, Petitioners cite *Citgo Asphalt Refining Co. v. Paper, Allied-Industrial, Chem., and Energy Workers Int'l Union*, 385 F.3d 809 (3d Cir. 2004). In *Citgo*, the Third Circuit vacated an arbitrator's decision that an oil refinery's zero
(continued...)

*Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 412 (5th Cir. 1990)). Petitioners' Motion to Vacate Arbitration Award as to the provision for personal effects damages is denied.

### E. Award for Total Loss of the Yacht

Petitioners argue that the arbitral panel erred in finding that the yacht was a total loss because the only marine surveyor testified that the loss was between $55,000 and $65,000. At the arbitration hearing, Petitioners presented the testimony of a marine surveyor and Respondent presented the testimony of a boat mechanic who worked on the yacht after its theft and subsequent recovery. The mechanic testified that the yacht was "entirely worthless," would need to have its wiring completely replaced, and that excessive corrosion prevented taking the engines apart for repair work. The arbitrators' decision to accept the testimony of the mechanic over the marine surveyor is not a legal basis for vacating the arbitration award. The Motion to Vacate Arbitration Award as to the award based on a total loss of the yacht is denied.

---

[2] (…continued)
tolerance drug abuse policy was unreasonable because the decision (1) was outside the scope of the arbitrator's authority; (2) did not draw its essence from the collective bargaining agreement; and (3) was not supported by the record. The *Citgo* holding – rendered in connection with an unusual arbitral decision – has not been followed by the Fifth Circuit or by any district court within the Fifth Circuit. Indeed, the "supported by the record" aspect of the *Citgo* decision has not been cited by any other federal court and this Court declines to adopt it in this case.

**III.   CONCLUSION AND ORDER**

The arbitral panel exceeded its powers when it awarded Respondent $17,270.30 for administrative fees and expenses when the arbitration agreement provided for these costs to be allocated differently. Petitioners have failed to establish that the remaining aspects of the Arbitration Award should be vacated under clearly established Fifth Circuit law.  Accordingly, it is hereby

**ORDERED** that Petitioners' Motion to Vacate Arbitration Award [Doc. # 2] is **GRANTED** to the extent the award of $17,270.30 for administrative fees and expenses exceeds Petitioners' portion of those fees and expenses as provided for in the Policy, and is **DENIED** in all other respects.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this **3rd** day of **March, 2006**.

_____
Nancy F. Atlas
United States District Judge